UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TIA BROWN, ET AL.

CIVIL ACTION

VERSUS

NO. 10-74-JJB

STATE FARM FIRE AND
CASUALTY COMPANY

## RULING

This matter is before the court on a motion for summary judgment (doc. 6) filed by defendant State Farm Fire and Casualty Company ("State Farm"). Plaintiffs Tia Brown and Donald Gaines have filed an opposition (doc. 10), and defendant State Farm has filed a reply (doc. 13). There is no need for oral argument.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

1

Although the Court considers any disputed or unsettled facts in the light most favorable to the plaintiffs, the plaintiffs may not merely rest on allegations set forth in the pleadings. Instead, plaintiffs must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a plaintiff's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a plaintiff has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the plaintiff, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; *see also* Fed. Rule Civ. P. 56(c).

The material facts in this case do not appear to be in dispute. Indeed, plaintiffs' opposition frequently cites to defendant's statement of undisputed material facts, and plaintiffs even "agree that the facts concerning this motion are not in dispute" (doc. 10). On or about July 21, 2008, a homeowner's insurance policy was issued by State Farm to the Estate of Marjorie Gaines, covering the property at 260 E. Harding Street in Baton Rouge. The named insured on the policy was the Estate of Marjorie Gaines. On December 8, 2008, the property located at 260 E. Harding was sold by the Estates of Andrew Gaines and Marjorie Gaines to plaintiff Tia Brown. On December 23, 2008, a fire destroyed the dwelling at 260 E. Harding.

Plaintiffs Tia Brown and Donald Gaines have sued State Farm seeking damages and alleging coverage for the fire at the Harding Street dwelling based

2

on the aforementioned State Farm policy.  In its motion for summary judgment, defendant State Farm argues that plaintiffs have no right to recover under the State Farm policy because plaintiffs are not the named insured in the policy and there was never a valid assignment of the policy to plaintiffs.  Plaintiffs do not allege that there was a valid assignment of the policy; rather, plaintiffs argue in opposition that State Farm waived any defenses under the policy when it paid the Estate of Marjorie Gaines for contents coverage after the fire.

State Farm correctly asserts that an insurance policy such as the one at issue in this case is a personal contract between the insurer and the insured; the policy does not run with the land and does not transfer to the purchaser of the underlying immovable property.  *Franks v. Harper*, 141 So.2d 690 (La. App. 3d Cir. 1962), citing *Union Cent. Life Ins. Co. v. Harp*, 14 So.2d 643 (La. 1943).  The policy does not inure to the benefit of a purchaser of property who was not a party to the insurance contract.  *See Eagle Star Ins. Co. v. Gen. Accident Fire & Life Assurance Corp.*, 315 So.2d 826 (La. App. 3d Cir. 1975).

Plaintiffs highlight that under Louisiana law, the insurer bears the burden of proving policy exclusions; however, even the case cited in support by plaintiffs provides that plaintiffs must prove coverage under the policy.  *See Tunstall v. Stierwald*, 809 So.2d 916 (La. 2002).  The undisputed facts indicate plaintiffs have failed to carry the burden of proving coverage under the State Farm policy.  While plaintiffs were owners of the Harding Street property at the time of the fire, plaintiffs were never the named insured parties on the State Farm policy at issue.

That State Farm paid a claim for contents to the named insured, Estate of Marjorie Gaines, in no way waives State Farm's argument that plaintiffs Tia Brown and Donald Gaines were never covered by the State Farm policy.[1]

Accordingly, defendant's motion for summary judgment (doc. 6) is hereby GRANTED and plaintiffs' claims against defendant are hereby DISMISSED.

Signed in Baton Rouge, Louisiana, on November 3, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Plaintiffs also claim they were "unable to find a single case under Louisiana law where a homeowners insurer was allowed to pay for contents but not the dwelling." While noting this contention is largely irrelevant because the contents coverage in this case was paid to the named insured, not the plaintiffs, this court also cites plaintiffs to *Wright v. Assurance Co. of Am.*, 728 So.2d 974 (La. App. 2d Cir. 1999), in which a homeowners' insurer was indeed allowed to pay for contents coverage but not the dwelling because the claimant lacked an insurable interest.